IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ARTHUR GOULD, :
:
      Plaintiff, :
:
VS. :    **7:10-CV-95 (HL)**
:
BRIAN OWENS, et al., :
:
      Defendants. :

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on September 2, 2010. (Doc. 2). Presently pending in this action are Plaintiff's Motion for Default Judgment, Motion for Reconsideration, Motion to Quash, and Motion to Appoint Counsel. (Docs. 26, 72, 81, 82). Additionally, Defendants Danforth, Moore, Owens, Philbin, Skinner, and Waters have filed a Motion to Dismiss and a Motion to Strike, and Defendants Owens and Waters have filed a Motion to Dismiss Plaintiff's Amended Complaint. (Docs. 38, 61, 69). Defendants Cooper and Shoe have also filed a Motion to Dismiss (Doc. 46), and Defendants Alexander, Fields, Myrick, and Richards have filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 85).

**Factual Background**

Plaintiff alleges that on July 21, 2009, while housed at Valdosta State Prison (hereinafter "VSP"), he was "attack[ed] and assaulted with a knife by another prisoner." (Doc. 10-1). Plaintiff contends that an inmate slammed Plaintiff's right hand in an iron gate and stabbed Plaintiff in the hand with a knife. Plaintiff maintains that Defendant Officer Skinner watched the attack and did nothing to help Plaintiff. Due to the attack, Plaintiff explains that one finger was broken and

another had to be partially amputated.

Plaintiff makes general allegations that he had complained to prison officials concerning his fear for his safety for months prior to the attack. Specifically, immediately before the attack, Plaintiff notified non-party Officer White that he needed protection. Officer White apparently had Plaintiff fill out an "emergency grievance" and submit a written statement. Plaintiff alleges that Officer White notified Defendants Counselors Waters and Cooper about Plaintiff's concerns. Plaintiff states that he also personally spoke with Defendants Waters and Cooper regarding his safety and that Defendant Cooper informed Defendants Deputy Warden Philbin and Grievance Coordinator Moore of Plaintiff's fear.

Additionally, Plaintiff maintains that Defendants Warden Danforth and Mental Health Director Shoe knew that Plaintiff had requested protection, but ignored his requests. Plaintiff further alleges that Defendant Owens, the Commissioner of the Department of Corrections, failed to investigate the attack, and Defendant Myrick, the Director of the Office of Investigations and Compliance, and Defendant Fields, the Manager of Inmate Affairs and Appeals, failed to act after gaining knowledge about the attack. (Doc. 25-2).

Finally, Defendants Alexander, the Business Office Manager at VSP, and Richards, the Manager of the Consolidated Banking Unit, allegedly denied Plaintiff access to the courts by failing to send Plaintiff's filing fees to the Eleventh Circuit in a timely manner. On September 9, 2010, Plaintiff was granted leave to proceed *in forma pauperis* (hereinafter "IFP"). (Doc. 6).

***Default Judgment (Doc. 26)***

Plaintiff filed a Motion for Default Judgment on December 29, 2010, seeking a default judgment based on Defendants' failure to defend this action. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

2

is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The entry of default or default judgment is not appropriate in this case. Defendants were sent waiver of service forms, which they signed and returned. (Docs. 24, 27-34, 36). Since Defendants timely returned the signed waivers of service, they had sixty (60) days from the date the waiver of service forms were mailed to file an Answer to the Complaint or to file a Pre-Answer Motion to Dismiss. Fed. R. Civ. P. 4(d)(3).

Defendants Cooper and Shoe filed an Answer on January 4, 2011. (Doc. 37). Defendants Danforth, Owens, Moore, Philbin, Skinner, and Waters filed a Pre-Answer Motion to Dismiss on January 6, 2011. (Doc. 38). Defendants timely filed their responses, and therefore, did not fail to plead or defend this action. Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motions to Dismiss (Doc. 38, 46, 69, 85)*

All Defendants filed Motions to Dismiss claiming, among other things, that Plaintiff's Complaint should be dismissed under the Prison Litigation Reform Act's (hereinafter "PLRA") "three strikes" provision. As all Defendants assert this defense, the Motions to Dismiss regarding the issue of "three strikes" will be discussed simultaneously.

A prisoner may be ineligible to proceed IFP if he has filed three or more previous actions or appeals that were dismissed based on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). The Eleventh Circuit has

3

determined that dismissals without prejudice for failure to exhaust administrative remedies and dismissals for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008); *Sallen v. Valdosta State Prison*, 2008 WL 345614 (M.D. Ga. 2008). However, a prisoner may proceed IFP, regardless of the number of strikes, if he asserts he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendants assert that Plaintiff incurred at least three strikes prior to the filing of this action, and cannot proceed IFP. Defendants maintain that the following four cases are strikes under section 1915(g): *Gould v. Whitlock*, Civil Action No. 1:87-CV-2304 (N.D. Ga) (dismissed as frivolous pursuant to 1915(d)), *Gould v. Brown*, Civil Action No. 3:96-CV-339 (W.D. Ky) (dismissed for lack of subject matter jurisdiction and certificate to appeal dismissed as frivolous), *Gould v. Donald[1]*, Civil Action No. 4:08-CV-155 (M.D. Ga) (dismissed for failure to state a claim and failure to exhaust administrative remedies), and *Gould v. Owens*, Civil Action No. 5:10-CV-154 (dismissed for failure to state a claim). In Plaintiff's several responses to the Motions to Dismiss, he contends that none of the cases identified by Defendants constitute strikes.

In evaluating whether Plaintiff has three strikes, the Court may properly take judicial notice of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010); Fed. R. Evid. 201(b); *see also U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The pleadings and orders in Plaintiff's previous cases are public court records that are

---

[1] Defendants refer to this case as *Gould v. Buckner*, however the docket and case caption identify the case as *Gould v. Donald, et al.*

4

not subject to dispute. Therefore, the Court takes judicial notice of the orders resulting in the dismissals of *Gould v. Whitlock*, *Gould v. Brown*, *Gould v. Donald*, and *Gould v. Owens.*

First, Plaintiff alleges that both *Gould v. Whitlock* and *Gould v. Brown* were cases that involved civil actions that happened in the "free-world," and thus, have nothing to do with his incarceration. (*See i.e.* Docs. 43, 51). However, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, *while incarcerated or detained in any facility*, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915 (g) (emphasis added). The PLRA does not delineate between the subject matter of the case, but focuses on the confinement status of a prisoner to determine if he has three strikes. *Id.*

"Congress was concerned with the number of prisoner cases being *filed*, and its intent behind the legislation was to reduce the number of cases *filed*, which is why Congress made confinement status at the time of *filing* the decisive factor." *Harris v. Garner*, 216 F.3d 970, 977 (11th Cir. 2000) (emphasis in original). The confinement status at the time of filing is the controlling factor under § 1915(g) because prisoners have "little to lose by filing frivolous lawsuits[.]" *Id.* Thus, Plaintiff's status of confinement at the time of filing determines whether a case is a strike, rather than the subject matter of Plaintiff's prior civil lawsuit.

The orders dismissing *Gould v. Whitlock* and *Gould v. Brown* state that Plaintiff initiated the suits while incarcerated. (Docs. 46-2, 46-3). Further, Plaintiff does not allege that he was not detained or incarcerated at the time he filed the suits. As Plaintiff filed these two suits while incarcerated, the suits will count as strikes under the PLRA if they were dismissed as frivolous,

5

malicious, or for failure to state a claim.

*Gould v. Whitlock* was dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). (Doc. 46-2). A suit dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) constitutes a strike. *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Rivera*, 144 F.3d at 728-30; *Hernandez v. Ryan*, 2010 WL 3447487 (S.D. Fla. 2010). Accordingly, *Gould v. Whitlock* is Plaintiff's first strike under section 1915(g).

The court generally dismissed *Gould v. Brown* due to a lack of subject matter jurisdiction. However, upon review of the court's Memorandum Opinion the case was specifically dismissed because Plaintiff: 1) failed to allege a violation of his constitutional right; 2) failed to allege the defendant acted under color of state law; 3) Plaintiff had no legal basis for redress. (Doc. 46-3). A dismissal by the court does not need to specifically state that the claim was frivolous or malicious to properly count as a strike. *Allen*, 266 Fed. Appx. at 817. Plaintiff's complaint in *Gould v. Brown* was found to be without legal merit, and as such, falls under the purview of a frivolous claim. *See Neitzke v. Williams*, 490 U.S 319, 325 (1989) (finding "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). As *Gould v. Brown* was dismissed because it lacked an arguable basis in both law and fact and failed to state a claim, it is Plaintiff's second strike under § 1915(g).

Plaintiff alleges that *Gould v. Donald* does not constitute a strike because Plaintiff did not proceed IFP in that case. (Doc. 51). The "three strikes" provision does not require that a prior action be pursued under IFP status to constitute a strike. 28 U.S.C. 1915(g); *see also Hyland v. Clinton*, 3 Fed. Appx. 478, 479 (6th Cir. 2001) ("§ 1915(g) does not distinguish between prior *in forma pauperis* actions and prior actions in which the fee was paid"); *Cohen v. Corrections Corp.*

6

*of America*, 2009 WL 3259079 (N.D. Ohio 2009) ("[§ 1915(g)] does not require a previously dismissed action to have been brought *in forma pauperis* in order to count as a strike"). *Gould v. Donald* was dismissed for failure to state a claim upon which relief could be granted, and failure to exhaust administrative remedies. (Doc. 46-4). Consequently, *Gould v. Donald* is Plaintiff's third strike under § 1915(g).

The final case Defendants maintain is a strike is *Gould v. Owens*. In this case, Plaintiff contends that his case was dismissed without prejudice, and thus, cannot be a strike under § 1915(g). A dismissal without prejudice does not negate a strike. *See Rivera*, 144 F.3d at 731 (finding a dismissal without prejudice for abuse of judicial process a strike); *Sallen*, 2008 WL 345614, *1 (dismissals without prejudice for failure to exhaust administrative remedies and abuse of judicial process can constitute strikes). The court order states that "[b]ecause plaintiff does not allege that [the defendant] satisfied any of the requisites for supervisory liability in relation to plaintiff's claims, his complaint must be dismissed."(Doc. 46-5). *Gould v. Owens* was dismissed because Plaintiff did not provide sufficient factual allegations against the defendant, and thus failed to state a claim. As Plaintiff's complaint was dismissed because he failed to state a claim, *Gould v. Owens* is Plaintiff's fourth strike under § 1915(g).

Plaintiff may overcome his strikes and proceed with the action if the Complaint asserts that Plaintiff is "under imminent danger of serious physical injury" at the time the action was filed. 28 U.S.C. § 1915(g); *Medberry*, 185 F.3d at 1193. "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Id.* "[A] prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as a basis for the complaint." *Jackson v. Brown*, 2010 WL 55316 (S.D. Ga. 2010).

There must be specific allegations that a prisoner is facing a current and on-going threat of imminent danger of serious physical harm. *See Brown v. Johnson*, 381 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger when plaintiff alleged that the defendants' failed to provide him with continuing medical treatment for his HIV and hepatitis).

Herein, Plaintiff does not assert that he is currently in imminent danger; rather, Plaintiff alleges that Defendants failed to protect him in the past and, as a result, he was harmed. In several of Plaintiff's responses to the Motions to Dismiss, Plaintiff attempts to untimely assert that he is under imminent danger because "it" could happen again. (*See e.g.* Docs. 58, 74).

For purposes of the imminent danger analysis, it is insufficient for a plaintiff to allege that something could happen in the future. *See e.g. Brown*, 381 F.3d at 1350; *Skillern v Paul*, 202 Fed. Appx. 343, 344 (11th Cir. 2006) (prisoner alleging that a denial of medication may result in future harm was too vague to satisfy the § 1915(g) exception); *Skillern v. Mental Health Personal*, 2011 WL 1628022, *2 (S.D. Ga. 2011) (plaintiff did not sufficiently allege imminent danger when he stated that he is afraid of being hurt in the future). Plaintiff's attempts to allege that he is in imminent danger because "it could happen again" fail. The allegation that Plaintiff is facing a threat of imminent serious physical injury is too vague, and appears to be an attempt to avoid dismissal of his suit. As Plaintiff's untimely attempts to allege imminent danger are insufficient, he cannot proceed under the IFP exception.

Plaintiff is also complaining of events that took place at Valdosta State Prison; however, at the time Plaintiff filed this lawsuit, he had been transferred to a different institution. (Doc. 2). Threats of imminent danger relating to a specific institution or specific employees at the institution cease when the plaintiff is transferred to another facility. *See e.g. Whigham v. Eve*, 2008 WL 2694788 (N.D. Fla. 2008) (any threat of imminent danger ceased when plaintiff was

transferred to another institution); *Young v. Sisneroz*, 2003 WL 22159059 (N.D. Cal. 2003) (finding no imminent danger for "an action for damages for past wrongdoing at a jail in which the plaintiff [was] no longer detained"). Accordingly, Plaintiff was not under imminent danger of physical injury at the time he initiated this lawsuit.

The Complaint alleges that Plaintiff was harmed in the past by Defendants' failure to protect him. Plaintiff has not alleged that, at the time he filed this lawsuit, he was facing imminent danger of a serious physical injury. As Plaintiff has reached his three strikes limitation and does not qualify under the imminent danger exception, Plaintiff cannot proceed with this action IFP.

After a prisoner has filed his third meritless suit, he may still proceed with his claim, but must pay the full filing fee at the initiation of the suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). This action should be **DISMISSED** without prejudice so that the Plaintiff can re-file, paying filing fees at the outset of the lawsuit. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, it is the recommendation of the undersigned that Defendants Danforth, Moore, Owens, Philbin, Skinner, and Waters's Motion to Dismiss (Doc. 38) be **GRANTED**, Defendants Cooper and Shoe's Motion to Dismiss (Doc. 46) be **GRANTED**, Defendants Owens and Waters's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 69) be **GRANTED**, and Defendants Alexander, Fields, Myrick, and Richards's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 85) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Strike (Doc. 61)*

Defendants Owens, Danforth, Philbin, Moore, Waters, and Skinner filed this Motion to Strike requesting the Court strike Plaintiff's second unauthorized sur-reply to these Defendants' Motion to Dismiss. After the filing of these Defendants' Motion to Dismiss, Plaintiff filed a response and these Defendants filed a reply. (Docs. 38, 43, 45). Plaintiff has since filed two additional responses to these Defendants' Motion to Dismiss and Reply. (Docs. 51, 58).

In his responses to the various motions to dismiss filed in this case, Plaintiff reiterates the allegations stated in his Complaint, and addresses the issues of "three strikes" and qualified immunity. Plaintiff has attempted to provide new arguments alleging he is under imminent danger and that his lawsuit should proceed, regardless of strikes, under the exception to § 1915(g).

"Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). "This policy not only provides *pro se* laypersons certain benefits while navigating the often-difficult legal labyrinth, but also provides Federal courts the ability to relax certain procedural rules when dealing with *pro se* parties, all in the interests of justice." *Jones v. Nicholson*, 2011 WL 2160918, *3 (M.D. Ga. 2011).

Herein, Plaintiff has failed to follow Local Rule 7.3.1 because he has filed several unauthorized sur-replies. The Court notes that Plaintiff has filed several responses containing very similar information, and reminds Plaintiff to refrain from filing unnecessary and redundant responses and pleadings. However, the Court will consider all of Plaintiff's filings to date because of Plaintiff's status as a *pro se* litigant. Accordingly, Defendants Owens, Danforth, Philbin, Moore, Waters, and Skinner's Motion to Strike is hereby **DENIED**.

*Motion to Reconsider (Doc. 72)*

Plaintiff filed this Motion to Reconsider asking the Court to reconsider its February 10, 2011 Order denying Plaintiff's Motion for Appointment of Counsel and Motion for Physical and Mental Examination. (Doc. 63). Plaintiff has presented no new information which persuades the Court to reconsider Plaintiff's motions. Accordingly, Plaintiff's Motion to Reconsider is hereby **DENIED.**

*Motion to Quash (Doc. 81)*

In this Motion, Plaintiff is requesting the Court "quash or modify the supoena [sic] to what information can be obtain [sic]." It is unclear to the Court what "subpoena" Plaintiff is referring to in his Motion, or if Plaintiff is even referring to a subpoena that has been served on him. Further, Plaintiff does not state what information he is seeking to have modified or quashed. As Plaintiff has not provided the Court with sufficient information to make a determination regarding the Motion to Quash, Plaintiff's Motion to Quash is **DENIED**.

*Motion for Appointment of Counsel (Doc. 82)*

Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are

ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.

Plaintiff previously submitted a Motion for Appointment of Counsel, which was denied on February 10, 2011. (Docs. 55, 63). The new motion does not set forth any exceptional circumstances that would persuade the Court to now appoint counsel for Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** at this time.

**SO ORDERED and RECOMMENDED**, this 6th day of July, 2011.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

llf